UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION


CHARLES WESTON ELSEA, JR.      ]
     Plaintiff,                ]
                               ]
v.                             ]          No. 3:14-1242
                               ]          Judge Sharp
JASON WOODALL                  ]
     Defendant.                ]


                      **M E M O R A N D U M**


    The plaintiff, proceeding *pro se*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Jason Woodall, a Deputy Commissioner for the Tennessee Department of Correction, seeking injunctive relief and damages.

    In June, 2012, the plaintiff was deemed to be a security threat and was moved to a maximum security housing unit. "I found out I was placed on Max without incident only because Mr. Woodall felt I had disrespected him back during the internet meeting we had in 2010." The plaintiff alleges that he has been wrongly confined in a maximum security unit.

    The plaintiff also complains that he lost personal property during his transfer from the Riverbend Maximum Security Institution to the Bledsoe County Correctional Complex. Finally, he alleges that the defendant has discriminated against him because he is

Caucasian.

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, (1981).

The plaintiff believes that his rights have been violated by his placement in a maximum security housing unit. However, there is no inherent constitutional right to remain free of administrative segregation. Sandin v. Conner, 515 U.S. 472,484 (1995). When the segregation contemplated would not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," the right to procedural due process is not implicated. *Id.* at 115 S.Ct. 2300.

There is nothing in the complaint to suggest that the plaintiff was made to suffer an atypical and significant hardship sufficient to create a liberty interest subject to constitutional protection. *See* Sandin, *supra* (finding that thirty days in punitive segregation was neither atypical nor a significant hardship). Moreover, there is no evidence to suggest that the plaintiff's placement in restrictive housing directly affected the length of his incarceration. Thus, the plaintiff's placement in maximum security housing did not offend his right to due process.

The plaintiff also complains that he lost personal property during a transfer. A prisoner's claim for the loss of personal

property fails to state a cognizable action under 42 U.S.C. § 1983, Parratt, *supra*, even if the loss of property was the result of intentional misconduct. Hudson v. Palmer, 468 U.S. 517 (1984). This general proposition is inapplicable only when the state fails to provide an inmate with an adequate post-deprivation remedy. Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-436 (1982). In this regard, Tennessee's statutory post-deprivation remedy has been found to satisfy the requirements of due process. McLaughlin v. Weathers, 170 F.3d 577, 581-82 (6th Cir.1999). Therefore, in the absence of any allegations suggesting that the plaintiff has been denied the due process safeguards guaranteed to him by state law, the alleged loss of personal property does not state a claim upon which relief can be granted.

The plaintiff finally claims that the defendant has discriminated against him because the plaintiff is Caucasian. There are no factual allegations, however, from which one could infer that the plaintiff has in any way been subjected to harassment simply because of his race. This claim, therefore, is conclusory at best. As such, it is not actionable here. Mezibov v. Allen, 411 F.3d 712,716 (6th Cir.2005).

In the absence of conduct in violation of federal law, the plaintiff is unable to prove every element of his cause of action. Thus, he has failed to state a claim upon which relief can be granted. Under such circumstances, a district court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915A. Therefore,

this action shall be dismissed.

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge